Civilian pay; limitation of actions; what constitutes adverse action; transfer at lower step classification; Civil Service Commission review. — On September 20, 1974 the court issued the following order :
Before Cowen, Chief Judge, ICashiwa and Bennett, Judges.
“Plaintiff, acting pro se, filed a petition in the court which defendant now moves to have dismissed on the ground that the action is barred by our 6-year statute of limitations, 28 U.S.C. §2501 (1970). The petition seeks back pay for what may be characterized as a claim of deception ór breach of contract by defendant with regard to the step classification plaintiff was accorded on a transfer.
“Upon consideration of the petition, defendant’s motion, plaintiff’s opposition to the motion, defendant’s reply, plain *832 tiff’s second opposition to the motion, and defendant’s reply thereto, along with exhibits attached’ to these submissions, it is concluded that the 6-year statute of limitations has not expired. Defendant’s motion must, therefore, be denied and the case returned to the trial division for resolution of factual issues.
“Plaintiff’s conduct, from the time of his transfer to the present, reflects clearly his belief that his transfer at the lower step classification was an adverse action appealable to the Civil Service Commission. 5 C.F.R. §§ 772.301(a), 752.201(b) (1968). Plaintiff was required to perfect an appeal to that body before seeking relief in this court. Black-mar v. United States, 173 Ct. Cl. 1035, 354 F. 2d 340 (1965). Cf. McCormack v. United States, 204 Ct. Cl. 371 (1974); Quick v. United States, 192 Ct. Cl. 630, 428 F. 2d 1294 (1970). His doing so tolled the statute.
“Factual issues which remain for resolution may include the following: (1) Was plaintiff’s transfer induced by deception oh the part of defendant within the meaning of Federal Personnel Manual, chap. 715-5, ¶2-1 (1963) % (2) Did plaintiff accept the lower grade as the result of ‘solicitation by the Air Force’ or ‘solely for his own personal benefit and convenience,’ as the choice is set out in AFE 40-521, ¶4^5) (1965) ? (3) Did plaintiff have a contract with the Air Force for employment at GS-9, Step 10 ? (4) If this is an adverse action case, was plaintiff advised, as the regulations and cases require, of his administrative appeal rights ?
“it is therefore ordered, without oral argument, that defendant’s motion to dismiss is denied. The case is returned to the trial division for resolution of factual issues and a recommended decision on the facts and the law.”